# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ALBERT BRADLEY, <br><br> Plaintiff, <br><br> v. <br><br> OFFICER CHRISTOPHER TUCKER; JOHN & JANE DOE 1-20 in their personal capacities as law enforcement officers of the state and federal governments, <br><br> Defendants. | Case No. CV414-165 |

## REPORT AND RECOMMENDATION

In response to this Court's Order (doc. 11), plaintiff Albert Bradley has endeavored to show cause why his case should not be dismissed for failing to participate in the conference required by Fed. R. Civ. P. 26. Doc. 16. Bradley's counsel cites his lack of federal court experience, his unfamiliarity with the Court's rules, his failure to master the Court's docketing software, and the fact that he was busy responding to defense motions. Doc. 16 at 1-2. He promises to "to put in the time and effort to review the federal rules of civil procedure and the local rules and correct

any errors or omissions I have made by Monday, November 25, 2014."
*Id.* at 2; *see also* doc. 17 (his Rule 26(f) report filed November 24, 2014).

Bradley has failed to show cause. There is nothing complex about the Rule 26 conference process. The parties confer, then *jointly* file a Rule 26 Report. Counsel's explanation that he had an "intellectual" but not a "gut level" understanding of the federal rules rings hollow, doc. 16 at 1, for on the very date he filed the complaint, the Court served its General Order (entered at the outset of all civil cases) advising him in simple terms of (1) the requirements of Rule 26(f) and (2) the court-imposed deadline for conducting the conference and submitting the report outlining the parties' proposed discovery plan. Doc. 3 (Order directing counsel "to confer" as provided by Fed. R. Civ. P.26(b) and L.R. 26.1(a), and imposing a deadline for conducting the conference and filing the required Rule 26(f) report). That Order also advised counsel of the need to conform the report to the language and format of the form set forth in the Court's Local Rules and *attached to* the Order. *Id.* While plaintiff's counsel later submitted his own unilateral Rule 26(f) report, doc. 17, he did so *after* the Court specifically ruled that a party "may *not*

file a unilateral Rule 26(f) report." Doc. 11 (emphasis added). Moreover, he failed to adhere to the prescribed format for such reports.

Defendant Chris Tucker represented that, "[d]espite attempts to coordinate with Plaintiff, Plaintiff's counsel has failed to file the parties' Joint Rule 26(f) Report." Doc. 9 at 1. Bradley does not even bother to address, much less negate, Tucker's otherwise diplomatically worded assertion -- that Bradley's counsel simply blew off a *court ordered* obligation. Nor has plaintiff's counsel abided by his promise to educate himself about the rules and follow them. Counsel seems utterly incapable of reading, understanding, and then complying with either the rules or this Court's straightforward orders.

Because plaintiff has failed to show good cause, this case should be **DISMISSED** for disobeying a Court Order. Fed. R. Civ. P. 41(b); L.R. 41(b) (authorizing dismissal for neglect of any Court order); *see Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31 (1962); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983). In light of this result, the Court **GRANTS** the defense's stay and protective order motions. Docs. 7 & 20.

**SO REPORTED AND RECOMMENDED** this 4th day of December, 2014.

/s/ M. Smith
_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

CASE NO. CV414  165

# GENERAL ORDER

Federal Rule of Civil Procedure 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. Subsequent to the filing of the report, a Scheduling Order must be entered pursuant to Fed. R. Civ. P. 16(b). Therefore, by the *earlier* of **21 days** after the filing of the last answer of the defendants named in the original complaint or **45 days** after the first appearance by answer or motion under Fed. R. Civ. P. 12 of a defendant named in the original complaint, the parties shall confer as provided in Rule 26(f). L.R. 26.1(a). Thereafter, within **14 days** after the required conference held pursuant to Rule 26(f), the parties shall submit to the Court a written report conforming to the language and format of the Rule 26(f) Report attached to this Order outlining their discovery plan. L.R. 26.1(b).

Except in unusually protracted or complex cases, the parties will be expected to adhere to the following deadlines and limitations:

1. The parties shall serve *all written discovery* on opposing parties and shall complete all depositions within **140 days** of the filing of the last answer of the defendants named in the original complaint. L.R. 26.1(d)(i).

2. The plaintiff must furnish the *expert witness reports and disclosures* required by Rule 26(a)(2) within **60 days** after the Rule 26(f) conference. L.R. 26.1(d)(ii).

3. The defendant must furnish the *expert witness reports and disclosures* required by Rule 26(a)(2) within **90 days** after the Rule 26(f) conference (or **60 days** after the last answer, whichever is later). L.R. 26.1(d)(iii).

4. The last day for *filing motions to add or join parties or amend the pleadings* is **60 days** after the first answer of the defendants named in the original complaint. L.R. 16.3.

5. The last day for *filing all other motions*, including *Daubert* motions but excluding motions in limine, is **30 days** after the close of discovery. L.R. 7.4.

Plaintiff's counsel shall ensure that a copy of this Order is served upon each party. Finally, a party who cannot gain the cooperation of the other party in preparing the Rule 26(f) report should advise the Court prior to the due date of the report of the other party's failure to cooperate.

**SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## _____ DIVISION

```
                          )
                          )
         Plaintiff        )
                          )
                          )
v.                        )       Case No.
                          )
                          )
                          )
                          )
         Defendant        )
```

### RULE 26(f) REPORT

1.  Date of Rule 26(f) conference: _____

2.  Parties or counsel who participated in conference:

    _____
    _____
    _____

3.  If any defendant has yet to be served, please identify the defendant and state when service is expected.

    _____

4.  Date the Rule 26(a)(1) disclosures were made or will be made:

    _____

5.  If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

(a) Identify the party or parties making the objection or proposal:

_____
_____
_____

(b) Specify the objection or proposal:

_____
_____
_____

6. The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

   (a) Identify the party or parties requesting additional time:

   _____
   _____
   _____

   (b) State the number of months the parties are requesting for discovery:

   _____ months

   (c) Identify the reason(s) for requesting additional time for discovery:

   ____ Unusually large number of parties

   ____ Unusually large number of claims or defenses

   ____ Unusually large number of witnesses

   ____ Exceptionally complex factual issues

   ____ Need for discovery outside the United States

    \_\_\_\_ Other: _____

    (d)    Please provide a brief statement in support of each of the reasons identified above:

_____
_____
_____
_____
_____

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please

    (a)    Identify the party or parties requesting such limits:

_____
_____
_____

    (b)    State the nature of any proposed limits:

_____
_____
_____

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule26(f) conference |

| | |
|---|---|
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a) Identify the party or parties requesting the modification:

_____
_____
_____

(b) State which deadline should be modified and the reason supporting the request:

_____
_____
_____
_____
_____

9. If the case involves electronic discovery,

(a) State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

_____
_____

(b) Identify any issues regarding electronically stored information as to which the parties have been unable to reach

an agreement:

_____
_____
_____

10. If the case is known to involve claims of privilege or protection of trial preparation material,

   (a) State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

   _____
   _____

   (b) Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

   _____
   _____

   (c) Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

   _____
   _____
   _____

11. State any other matters the Court should include in its scheduling order:

   _____
   _____

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

_____
_____
_____

This _____ day of _____, 20___.

                Signed: _____
                                         *Attorney for Plaintiff*

                                _____
                                           *Attorney for Defendant*