UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALBERT BRADLEY,

Plaintiff,

v.                    4:14-cv-165

OFFICER CHRISTOPHER TUCKER and JOHN & JANE DOES 1-20 in their personal capacities as law enforcement officers of the state and federal governments,

Defendants.

## ORDER

The conduct of Plaintiff's Counsel in this case has troubled the Court. As an initial matter, Plaintiff's Counsel has been unable to sufficiently explain his inability to comply with Court orders. Twice he has come before the Court and cited his lack of experience in federal court and unfamiliarity with the Court's Local Rules and the Federal Rules of Civil Procedure as cause for excusing his failure to participate in the Federal Rule of Civil Procedure 26 conference. *See* ECF Nos. 16 at 1-2 (Plaintiff's Response to Order to Show Cause); 24 at 5-6.

Such reasons provide good cause to not practice in this Court, but such reasons provide the Court with no cause to excuse failure to comply with Court orders. Indeed, attorneys admitted to practice before this Court are required to take an oath attesting to their familiarity with the Local Rules before being permitted to sign the roll book and represent clients here. The Court cannot seriously entertain an argument from an admitted attorney, such as Plaintiff's Counsel, that inexperience and lack of understanding of the Local Rules should excuse contempt of Court orders. Not only does such argument, as the Magistrate Judge put it, "ring[] hollow," ECF No. 21 at 2, it also sounds in bad faith.

In addition, Plaintiff's Counsel has advanced meritless claims on behalf of his client and forced Officer Christopher Tucker the time and expense of answering those charges. Supreme Court and Eleventh Circuit precedent squarely dispelled any notion that a valid cause of action existed against Officer Tucker. Plaintiff's Counsel either was unaware of this well-settled precedent or utterly ignored it.

Thus, the Court is faced with more than Plaintiff's Counsel's failure to obey Court Orders. It is also faced with wasteful misuse of the Court's scarce resources. In such situations, the Court is empowered to sanction an attorney by statute, *see Amlong & Amlong, P.A. v. Denny's Inc.*, 500 F.3d 1230, 1257 (11th Cir. 2006) (28 U.S.C. § 1927), and by rule, *see Mike Ousley Prods., Inc. v. WJBF-TV*, 952 F.2d 380, 383 (11th Cir. 1992) (Fed. R. Civ. P. 11). In addition, pursuant to its own inherent powers, the Court may fashion appropriate "sanction[s] for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). Among the sanctions the Court can choose from, is the assessment of attorney's fees. *See id.* at 45. Of relevance here, award of attorney's fees is an appropriate sanction "for the 'willful disobedience of a court order" and for "when a party has 'acted in bad faith,

vexatiously, wantonly, or for oppressive reasons.'" *Id.* at 45-46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (internal quotation marks omitted)). "The award vindicates judicial authority without resort to the more drastic sanctions available for contempt of court and makes the prevailing party whole for expenses caused by his opponent's obstinacy." *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978).

"Because of their very potency, [however,] inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. Pursuant to that end, courts "must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees." *Id.* at 50. Likewise, "[a]ttorneys . . . facing possible discipline under Rule 11 have interests qualifying for protection under the Due Process Clause of the Fifth Amendment" and are due "notice and an opportunity to be heard." *Donaldson v. Clark*, 819 F.2d 1551, 1558 (11th Cir. 1987). The same is true attorneys facing discipline under 28 U.S.C. § 1927. *Amlong & Amlong, P.A.*, 500 F.3d at 1242.

Therefore, Plaintiff's Counsel will have twenty-one days to show cause as to why the Court should not impose sanctions for his conduct in this litigation. As a reminder, the Court has twice rejected assertions of inexperience and unfamiliarity with Local Rules as insufficient cause for Plaintiff's Counsel's contempt of Court Orders. Stepping back to the plate with those reasons in an attempt to show cause in response to this Order would be ill-advised.

This 6 day of January 2015.

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA