```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     SOUTHERN DISTRICT OF GEORGIA
                           SAVANNAH DIVISION
```

| | | |
|---|---|---|
| ALBERT BRADLEY, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 414-165 |
| | * | |
| CHRISTOPHER TUCKER, in his | * | |
| personal capacity, and JOHN AND | * | |
| JANE DOES 1-20, | * | |
| | * | |
| Defendants. | * | |

## O R D E R

On January 6, 2015, the Court ordered Plaintiff's counsel, Nicholas Pagano, to show cause as to why the Court should not sanction him for his conduct in this litigation.[1] (Doc. 28.) Mr. Pagano has timely complied with the Court's order. (Doc. 29.) After a review of the record in this case and of Mr. Pagano's response to the Court's show cause order, the Court concludes that Mr. Pagano's conduct warrants imposition of sanctions.

### I.  **RULE 11 STANDARD**

Under Federal Rule of Civil Procedure 11, sanctions properly are imposed "when [a] party files a pleading that is based on a legal theory that has no reasonable chance of success and that

---

[1] In that Order the Court explained that Mr. Pagano has twice "come before the Court and cited his lack of experience in federal court and unfamiliarity with the Court's Local Rules and Federal Rules of Civil Procedure as cause for excusing his failure to participate in the Federal Rule of Civil Procedure 26 conference." (Doc. 28 at 1.)

cannot be advanced as a reasonable argument to change existing law." Massengale v. Ray, 267 F.3d 1298, 1301 (11th Cir. 2001) (quotation omitted). "The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter meritless maneuvers." Id. at 1302 (internal quotation marks omitted). Rule 11 thus "imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990) (internal quotation marks omitted). An attorney violates this obligation "by failing to research legal precedent adequately or by seeking relief under clearly inapposite or nonexistent precedent." Gutierrez v. City of Hialeah, 729 F. Supp. 1329, 1332 (S.D. Fla. 1990) (citation omitted).

In determining whether Rule 11 sanctions are appropriate, the Eleventh Circuit directs that courts employ a two-step test. First, the Court must "determine[] whether the party's claims are objectively frivolous — in view of the facts or law . . . ." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996). Second, if the Court finds that the claims are objectively frivolous, it must ask "whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Id. If the Court finds that an "attorney failed to make a reasonable

2

inquiry, then the court *must* impose sanctions despite the attorney's good faith belief that the claims were sound." Id. (emphasis added).

Importantly, "[a]ttorneys . . . facing possible discipline under Rule 11 have interests qualifying for protection under the Due Process Clause of the Fifth Amendment." Donaldson v. Clark, 819 F.2d 1551, 1558 (11th Cir. 1987). Thus, Courts must provide an attorney who is facing discipline notice and an opportunity to be heard. Id. The Court has provided Mr. Pagano with notice of the conduct at issue and Mr. Pagano has responded in writing to the Court's invocation of Rule 11. (Doc. 29.) Thus, the Court will now turn to the appropriateness of Rule 11 sanctions.

## II. **APPLICATION**

Turning to the first prong of the sanctions test, the Court previously found, and reiterates here, that the claims advanced pertaining to Officer Tucker — claims arising out of the warrantless search of an automobile — were objectively frivolous. There was no allegation in the complaint that Officer Tucker lacked probable cause to search the automobile. Indeed, Mr. Pagano concedes that he filed this cause of action "in spite of the existence of probable cause . . . ." (Doc. 29 at 4.) Rather, the gravamen of the purported claim against Officer Tucker was that, despite the existence of probable cause, Officer Tucker's

3

warrantless search of the automobile was unlawful because there were no exigent circumstances.  (See Doc. 1 at 6.)

But where "a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment . . . permits police to search the vehicle without more." Pennsylvania v. Labron, 518 U.S. 938, 940 (1996).  Plainly, under established Supreme Court precedent, this "automobile exception" to the warrant requirement "has no separate exigency requirement." Maryland v. Dyson, 527 U.S. 465, 466 (1999).  Thus, the Court easily finds that the claims arising out of the allegedly unlawful search of his automobile were objectively frivolous.

Turning now to the second prong of the Rule 11 analysis, the Court finds that Mr. Pagano failed to make a reasonable inquiry into the merit of his client's purported cause of action.  Mr. Pagano advances two bases to justify his pursuit of his client's cause of action against Officer Tucker, both of which demonstrate that he did not, and still has not, engaged in a reasonable inquiry of the applicable law.

First, Mr. Pagano explains that his client's case presented a "unique fact situation that [he] ha[d] never come across" — i.e., a situation where the owner of an automobile was not able to drive the car away at the time of the warrantless search.  (Doc. 29 at 4.)  A brief search of controlling precedent on point, however, would have revealed to Mr. Pagano that the Supreme Court of the

United States has encountered such a situation. Indeed, in Michigan v. Thomas, the Supreme Court found it

> clear that the justification to conduct such a warrantless search does not vanish once the car has been immobilized; nor does it depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant.

458 U.S. 259, 261 (1982).[2]

Mr. Pagano's position evinces a misconception of what "readily mobile" means under the "automobile exception." But a search of Supreme Court and Eleventh Circuit cases on point would have corrected this misconception. It is the "inherent mobility" of automobiles, as opposed to mobility-in-fact, that justifies warrantless searches of automobiles. See South Dakota v. Opperman, 428 U.S. 364, 367 (1976); United States v. Watts, 329 F.3d 1282, 1286 (11th Cir. 2003) ("All that is necessary to satisfy [the readily mobile] element is that the automobile is operational."); see also United States v. Ross, 456 U.S. 798, 830 (1982) (Marshall, J., dissenting) ("This 'mobility' rationale is something of a misnomer since the police ordinarily can remove the car's occupants and secure the vehicle on the spot. However, the inherent mobility of the vehicle . . . is a principal basis for the Court's automobile exception to the warrant requirement." (citation omitted)).

---

[2] To be sure, the fact situation presented in Thomas was even more "unique" than the one presented here, as the automobile in Thomas was impounded, and its owner had been arrested, at the time of the warrantless search. See Thomas, 458 U.S. at 260.

5

Second, Mr. Pagano states that he "made the decision to proceed with this cause of action based on Gant v. Arizona [sic], 556 U.S. 332 (2009) . . . ." (Doc. 29 at 4.) But Gant is inapposite as the Supreme Court there dealt not with the "automobile exception," but rather with a search of an automobile incident to a lawful arrest. See Arizona v. Gant, 556 U.S. 332, 335 (2009); see also United States v. Baldwin, 774 F.3d 711, 720-21 (11th Cir. 2014) (noting the limit of Gant). Further, Mr. Pagano's characterization of Gant is incorrect. Gant does not invariably require police to obtain a search warrant before searching an automobile incident to a lawful arrest. Rather, under Gant, police may search a vehicle incident to a recent occupant's arrest "if the arrestee is within reaching distance of the passenger compartment at the time of the search *or* it is reasonable to believe the vehicle contains evidence of the offense of arrest." Gant, 556 U.S. at 351 (emphasis added). Clearly, Gant does not call into question the continued validity of the "automobile exception." Indeed, in 2013 the Supreme Court recognized the "automobile exception" as one of "a limited class of traditional exceptions to the warrant requirement that apply *categorically* and thus do not require an assessment of whether the policy justifications underlying the exception, which may include exigency-based considerations, are implicated in a particular case." Missouri v. McNeely, 133 S. Ct. 1552, 1559 n.3 (2013) (emphasis added).

6

Thus, Mr. Pagano's offered justifications for pursuing his client's claim suffer from the same deficiencies as the claim itself — they are objectively frivolous. It is important to note that this is not the first time the Court has rejected Mr. Pagano's theories. The justifications offered here largely mirror those advanced in opposition to Officer Tucker's motion to dismiss. The Court explained why Mr. Pagano's theories of recovery are unfounded in granting Officer Tucker's motion to dismiss, see Bradley v. Tucker, 2015 WL 64944, at *6-9 (S.D. Ga. Jan. 5, 2015), and does so again here.

Mr. Pagano's theories plainly are not the product of reasonable research, for if he had engaged in even a brief inquiry of the law governing his client's claims, he would have discovered that the position he advances is patently without merit.[3] Mr. Pagano, however, failed to conduct that research and, for that, the Court must sanction him.

### III. CONCLUSION

Mr. Pagano remains resolute in his belief that Officer Tucker violated his client's constitutional rights. But even an attorney's good faith belief in the merits of his client's cause is

---

[3] Even Mr. Pagano's response to the latest show cause order demonstrates a serious lack of understanding of his case. He opens his response by stating that the Court dismissed with prejudice the claims against Defendant Tucker but "allow[ed] this case to go forward as to John Does 1-20 . . . ." (Doc. 29 at 1.) This is incorrect. Indeed, the Honorable B. Avant Edenfield's Order clearly states that "the Court will **DISMISS** Plaintiff's Complaint . . . as to the unidentified defendants **WITHOUT PREJUDICE**." (Doc. 25 at 13.)

of no matter to the Court in applying Rule 11. See Worldwide Primates, Inc., 87 F.3d at 1254. The Court's inquiry is an objective one. Donaldson, 819 F.2d at 1556. Thus, the Court asks "whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified." Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003). The Court finds that no reasonable attorney could believe the position that Mr. Pagano has taken with regard to the search of his client's automobile is legally tenable.

As officers of the Court, attorneys owe a duty to "diligently research" their clients' claims. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). And, though attorneys owe a duty of loyalty to their clients, an attorney's loyalties to a client do not outweigh the duty an attorney owes to the Court and to the justice system. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1546 (11th Cir. 1993).

The Court finds that Mr. Pagano has allowed his client's objectives to "override" the duties he owes the Court. See id. For that, the Court concludes that sanctions are necessary in order to deter such conduct in the future.[4]

Accordingly, Officer Tucker's counsel is **ORDERED** to provide, within **FOURTEEN (14) DAYS** of this Order, information regarding number of hours expended on this litigation and the fees charged in

---

[4] Mr. Pagano also requests that "this Court reverse itself in dismissing this case with prejudice against Defendant Tucker and allow this case to go forward." (Doc. 29 at 5.) For the reasons stated herein, the Court **DENIES** this meager attempt at arguing for reconsideration.

8

order to assist the Court in fashioning a reasonable amount of sanctions.

**ORDER ENTERED** at Augusta, Georgia, this 1ST day of July, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA