IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ALBERT BRADLEY,     *
                                *
    Plaintiff,                 *
                                *
         v.                          *      CV 414-165
                                *
CHRISTOPHER TUCKER, in his    *
personal capacity, and JOHN AND *
JANE DOES 1-20,            *
                                *
    Defendants.              *

**O R D E R**

By Order dated July 1, 2015, this Court determined that Rule 11 sanctions were appropriate against attorney Nicholas Pagano. (Doc. 30.) Specifically, the Court found that (1) the claims advanced pertaining to Officer Tucker were objectively frivolous and (2) Mr. Pagano failed to make a reasonable inquiry into the merit of his client's purported cause of action.

Having established liability, the Court now turns its attention to the amount of sanctions to be assessed against Mr. Pagano. "The imposition of a monetary sanction is a particularly reasonable use of a court's discretion under Rule 11." <u>Donaldson v. Clark</u>, 819 F.2d 1551, 1557 (11th Cir. 1987). "District courts are vested with broad discretion to fashion an appropriate sanction for violations of Rule 11." <u>Mike Ousley Prods., Inc. v. Cabot</u>, 130 F.R.D. 155, 160 (S.D. Ga. 1990). Defense counsel has filed documentation setting forth the fees and expenses incurred in this

matter, which total $11,239.78. (Doc. 31-1.) The Court limits the sanction to an amount that the Court believes necessary to achieve the purposes of Rule 11. Therefore, the Court **HEREBY AWARDS** Officer Christopher Tucker **$1,500** in sanctions against Mr. Nicholas Pagano payable to Defendant's counsel within **THIRTY (30) DAYS** of this Order.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of August, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA